133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick EKANEM, Plaintiff/Appellant/Cross-Appellee,
v.
THE CITY OF CHINO; a political subdivision of the State of
California; Ron Vallejo; R. Cervantes; Ron
Zerr, Defendants/Appellees/Cross-Appellants.
 No. 96-56099, 96-56211.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 2, 1997.
Jan. 15, 1998.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and WHYTE,**
 
 
 2
 MEMORANDUM*
 
 
 3
 HUPP, District Judge.
 
 
 4
 Patrick Ekanem appeals from the district court's summary judgment in favor of the City of Chino and police officers Ron Vallejo, R. Cervantes and Ron Zerr in Ekanem's 42 U.S.C. § 1983 action alleging that the officers initiated criminal charges against him in retaliation for his filing of an excessive force complaint against them. Officers Vallejo and Cervantes cross-appeal the district court's finding that they are not entitled to qualified immunity with respect to Ekanem's excessive force claim on which Ekanem obtained a jury verdict for nominal damages. We find both appeals to be without merit.
 
 1. Excessive Force and Qualified Immunity
 
 5
 Chino police officers mistakenly arrested Ekanem, or at least detained him for questioning, as a suspect for a bank robbery which had just occurred. He was handcuffed and placed in a patrol vehicle. Ekanem asserts that the officers handcuffed him too tightly and failed to loosen the handcuffs on request. This, he says, constituted excessive force. The officers respond by arguing that since they reasonably believed their conduct was lawful, they are entitled to qualified immunity.
 
 
 6
 "Officers are entitled to qualified immunity even if they acted unconstitutionally, as long as a reasonable officer could have believed the conduct lawful." Alexander v. County of Los Angeles, 64 F.3d 1315, 1322 (9th Cir.1995). In the context of an excessive force claim, defendants can win on summary judgment if the court, after resolving all facts in favor of the plaintiff, concludes that a reasonable officer could have believed his use of force was reasonable. See id. Here, the court correctly determined that if Ekanem's version of the facts were correct, namely that he was handcuffed too tightly and the officers refused to loosen the handcuffs after request, the use of the force would not have been reasonable. See id. Therefore, the court properly denied summary judgment and the cross-appeal is without merit.
 
 2. Initiation of Criminal Proceedings
 
 7
 Several days after the incident in question, Ekanem went to the police department to make a citizen's complaint against the officers for mistreatment he allegedly received at the scene. Ekanem asserts that when Officer Vallejo saw him filing the complaint, Vallejo decided to retaliate by writing a fabricated report stating that Ekanem had threatened and resisted the officers. This allegedly fabricated report was then used as the basis for the District Attorney's filing of charges against Ekanem.[1]
 
 
 8
 The district court granted summary judgment on Ekanem's claim that his rights were violated by the alleged malicious initiation of criminal proceedings. The court held that the officers had reasonable cause to believe that Ekanem had committed a criminal offense and that the prosecutor exercised her independent judgment in filing the charges.
 
 
 9
 Probable cause exists when, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability" that a suspect had committed a criminal offense. United States v. Smith, 790 F.2d 789, 792 (9th Cir.1986). The objective analysis must not rest upon "[r]igid legal rules," but rather on a "common sense," "practical," and "nontechnical" analysis. Illinois v. Gates, 462 U.S. 213, 230-232, 103 S.Ct. 2317, 2328-29 (1983). An officer's subjective intent or motivation is irrelevant to the objective inquiry required by the Fourth Amendment. Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769 (1996).
 
 
 10
 In this case Ekanem participated in a tape-recorded interview with Officer Soares following the incident. In it he admitted making statements consistent with those attributed to him in Officer Vallejo's report. A "common sense," objective analysis of those statements provide probable cause for the charges brought. Therefore, the district court properly granted summary judgment. Since there was probable cause, we do not reach the question of whether the decision of the prosecutor to bring charges insulates the officers from liability under the circumstances of this case.
 
 
 11
 For the reasons stated, the judgment entered by the district court is AFFIRMED.
 
 
 
 **
 The Honorable Ronald M. Whyte, United States District Court for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The criminal complaint against Ekanem first charged that Ekanem made threats against a police officer. The prosecutor subsequently amended the complaint to charge delay, resistance or the obstruction of police officers in the performance of their duties